UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLVO FINANCIAL SERVICES, a division of VFS US LLC, ) ) ) Plaintiff, ) ) v. ) ) FREIGHTPORT, INC. and ) ALEXANDR CHUDUK. ) ) Defendants. ) | Case No. 17-cv-10401-MGM |

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS FREIGHTPORT, INC. AND
ALEXSANDR CHUDUK
(Dkt. No. 15)

I. INTRODUCTION

In this matter, plaintiff Volvo Financial Services, a division of VFS US LLC ("VFS"), seeks recovery by a default judgment against the defendants Freightport, Inc. ("Freightport") and Alexandr Chuduk ("Chuduk") (collectively, "Defendants") for failure to make payments on: (1) a July 31, 2014 Credit Sales Contract though which Freightport borrowed the principal amount of $117,565.82 from VFS to finance the purchase of a 2015 Volvo VNL64T 670 (VIN xxx-4436); and (2) a May 18, 2015 Credit Sales Contract through which Freightport borrowed the principal amount of $258,599.76 from VFS to finance its purchase of two 2016 Volvo VNL64T 670s (VIN xxx-2973 and VIN xxx-2975). Chuduk guaranteed Freightport's obligations under both Credit Sales Contracts. Before the court is VFS's motion for assessment of damages and entry of a default judgment against Freightport and Chuduk for failure to make payments to VFS on the equipment purchase loans. The motions were referred to me for a report and recommendation by presiding District Judge Mark G. Mastroianni (Dkt. No. 20). *See* 28 U.S.C.

1

§ 636(b)(1)(B).  The court held a hearing on Plaintiff's motion for entry of a default judgment on October 10, 2017 and set a deadline for a further submission (Dkt. No. 22).  Having reviewed that submission and the verified complaint and attachments thereto, the court recommends that VFS's motion be GRANTED and that judgment enter in favor of VFS in the amount of **$155,559.37**, inclusive of attorney's fees and costs with prejudgment interest running at 18% per annum from June 24, 2016 through the date of judgment.

## II.     RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed its verified complaint in this court on March 10, 2017 (Dkt. No. 1).  VFS subsequently moved to have the court deem that service had been effectuated, submitting evidence that Chuduk was aware of the VFS lawsuit and VFS's attempts to serve the verified complaint and was evading service (Dkt. No. 8).  According to the process server, he spoke with Chuduk on March 17, 2017 and told Chuduk that he (the process server) had some paperwork for Chuduk.  Chuduk said he was in California, did not know when he would be back, and ended the telephone call (Dkt. No. 8-1).  The court denied VFS's motion to deem service effectuated and authorized service by publication three times in the Agawam Advertisers News (Dkt. No. 11).  On June 13, 2017, VFS filed an affidavit of service attesting to service in compliance with the court's order (Dkt. No. 12).  The clerk entered default as to Freightport and Chuduk on August 18, 2017 (Dkt. No. 17).

In view of Defendants' failure to appear, the facts alleged in the verified complaint are taken to be true.  *See Ortiz-Gonzalez v. Fonovisa,* 277 F.3d 59, 62-63 (1st Cir. 2002).

### 1. 2014 Contract

According to the verified complaint, on or around July 31, 2014, Freightport entered into a Credit Sales Contract ("2014 Contract") with VFS to finance the purchase of certain Volvo

equipment with VIN xxx-4436 ("2015 Equipment") for a principal amount of $117,565.82 (Dkt. No. 1 at 2, ¶ 5). The loan was to be repaid over 60 months at a monthly rate of $2,358.01 (*id.*, ¶ 7). Freightport granted a security interest in the 2015 Equipment to VFS (*id.* at 2-3, ¶ 8). By the terms of the 2014 Contract, in the event of Defendants' failure to make timely payments, VFS was entitled to repossess and sell the 2015 Equipment in a commercially reasonable manner. The proceeds of any such sale, minus the costs, including reasonable attorneys' fees and expenses, incurred in conducting the sale, were to be applied to the outstanding loan balance (Dkt. No.1-3 at 4). Freightport agreed that it would pay any deficiency resulting from the disposition of the collateral after default (*id.*). Freightport failed to make payments due under the 2014 Contract (Dkt. No. 1 at 3, ¶ 12). VFS repossessed the 2015 Equipment and sold it for $60,777.00 in a commercially reasonable manner (*id.* at 4, ¶ 15; Dkt. No. 1-7 at 1). Following the application of the proceeds of the sale (minus the costs associated with the sale) there was a deficiency of $28,156.04 (Dkt. No. 1 at 4, ¶ 16; Dkt. No. 1-8). In the event of default, the 2014 Contract provided for interest at a rate of 18% per annum on any unpaid balance owed by Freightport to VFS (Dkt. No. 1-3 at 4), and that VFS was entitled to recover reasonable attorney's fees and costs incurred in the enforcement of the contract (*id.*) Chuduk personally guaranteed Freightport's obligations to VFS under the 2014 Contract (Dkt. No. 1 at 3, ¶ 10; Dkt. No. 1-6).

    2.   2015 Contract

On or about May 18, 2015, Freightport executed a second Credit Sales Contract ("2015 Contract") by which Freightport borrowed $258,599.76 from VFS to purchase two additional items of Volvo equipment with VINs xxx-2973 and xxx-2975 ("2016 Equipment") (Dkt. No. 1 at 4, ¶ 18). Freightport's monthly payments under the 2015 Contract were set at $5,096.22 (*id.* at 5,

¶ 20). The terms of the 2015 Contract were the same as those in the 2014 Contract and Chuduk again guaranteed Freightport's obligations (*id.*, ¶ 23; Dkt. No. 1-10; Dkt. No. 1-14). Freightport also defaulted on the 2015 Contract. VFS repossessed and sold the 2016 Equipment in a commercially reasonable manner, leaving a deficiency of $93,034.63 (Dkt. No. 1 at 6-7, ¶¶ 28-30; Dkt. No. 1-15).

By its motion, Plaintiff seeks a default judgment in the principal amount of $149,171.64 (Dkt. No. 23 at 3, ¶ 21), attorney's fees and costs totaling $6,387.73 (*id.*, ¶ 23) and prejudgment interest at 18% on these amounts running from June 24, 2016, the date on which VFS conducted the repossession sale of the 2015 Equipment and the 2016 Equipment (*id.* at 2-3, ¶¶ 10, 19).

### III. DISCUSSION

#### A. Damages

##### a. Standard of Review

While a court should accept as true the well-pleaded factual allegations in the complaint when considering a motion for entry of default judgment, the court "need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." *Virgin Records Am., Inc. v. Bagan*, Civ. No. 08-4694 (WHW), 2009 WL 2170153, at *2 (D.N.J. July 21, 2009) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). A court is required to conduct its own inquiry to ascertain the amount of damages with reasonable certainty. *See id.* (quoting *Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs.*, No. 05-3143, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007)). Here, with no opposition from Defendants, the documents attached to the verified complaint and the October 24, 2017 Affidavit of Phil Bain establish by a preponderance of the evidence the amounts Defendants owe to VFS.

##### b. Damages

Accepting as true the well-pleaded allegations in the verified complaint and Mr. Bain's affidavit, following Defendants' default on the 2014 contract, they owed VFS $87,168.04. After sale of the equipment and application of the sale proceeds to Defendants' outstanding debt under the 2014 Contract, Defendants owe VFS a deficiency of $28,156.04 (Dkt. No. 23 at 1-2, ¶¶ 4-9). Following Defendants' default on the 2015 Contract, they owed VFS $231,634.63. After sale of the equipment and application of the sales proceeds to the outstanding debt, Defendants owed VFS a deficiency of $93,034.63 (*id.* at 2-3, ¶¶ 12-18). Thus, under the 2014 Contract and the 2015 Contract, Defendants owe VFS a total of **$149,171.64** (*id.* at 3, ¶ 21).

The 2014 Contract and the 2015 Contract provide that VFS is entitled to recover its reasonable attorneys' fees and all other costs and expenses incurred in enforcing Defendants' obligations under the agreements (Dkt. No. 1-3 at 6; Dkt. No. 1-10 at 4). VFS represents that it has incurred attorneys' fees totaling $5,633.55 in enforcing Defendants' obligations under their agreements with VFS and $754.18 in costs, for a total of **$6,387.73** (Dkt. No. 23 at 3, ¶¶ 22-23).

Finally, the 2014 Contract and the 2015 Contract provide for default interest accruing at 18% (*id.* at 2-3, ¶¶ 10, 19). VFS reasonably seeks default interest running from June 24, 2016, the date on which it conducted the repossession sale of the 2015 Equipment and the 2016 Equipment after Defendants defaulted on their loan obligations (Dkt. No. 23 at 2, 3, ¶¶ 10, 19). When judgment enters, the Clerk's Office should be directed to calculate interest at 18% from June 24, 2016 through the date of entry of judgment.

IV.     CONCLUSION

For the foregoing reasons, I recommend that judgment enter for the plaintiff in the amount of $155,559.37, with interest calculated at 18% from June 24, 2016 through the date of judgment.[1]

It is so ordered.

Dated:  December 27, 2017                                                  /s/ Katherine A. Robertson
                                                                                              KATHERINE A. ROBERTSON
                                                                                              United States Magistrate Judge

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.